Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Tel: (323) 937-4501    Fax: (323) 937-4503
email: baruchcohen@baruchcohenesq.com

*Attorney For Defendant VStock Transfer, LLC*, a California Limited Liability Company

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| In re<br><br>SEAN PAUL NEVETT and<br>SHANNON LEE NEVETT,<br><br>    Debtors.<br><br>LESLIE T. GLADSTONE, Chapter 7 Trustee,<br><br>    Plaintiff.<br><br>vs.<br><br>VSTOCK TRANSFER, LLC, a California Limited Liability Company,<br><br>    Defendant. | Case No. 15-07986-CL7<br><br>Adv. No. 17-90220-CL<br><br>Hon. Christopher B. Latham<br><br>Chapter 7<br><br>ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND DISALLOWANCE OF CLAIM<br><br>[11 U.S.C. §§ 502, 544, 548, 550; Cal. Civil Code §§ 3439, et seq.]<br><br><u>Status Conference Hearing Date</u><br><br>Date:  TBD<br>Time:  TBD<br>Dept:  Five (5)<br>        325 West F Str., San Diego, CA 92101-6991 |

    COME NOW VSTOCK TRANSFER, LLC, a California limited liability company (hereinafter "Defendant") and in answer to the *Complaint for Avoidance and Recovery of Fraudulent Transfers and Disallowance of Claim* (the *"Complaint"*) of Plaintiff LESLIE T. GLADSTONE, Chapter 7 Trustee ("Plaintiff") of the SEAN PAUL NEVETT and SHANNON LEE NEVETT bankruptcy, admits, denies and alleges as follows:

## TIMELINESS OF ANSWER

Pursuant to this Court's Summons Issued on VStock Transfer, LLC, the deadline for filing a responsive pleading is 1-16-2018, and it was continued by stipulation of the parties to 1-30-2018. Hence, this Answer is timely.

## PRELIMINARY POSITION OF DEFENDANT

Defendant received $22,000.00 in exchange for advisory services rendered by Defendant to (Debtor): (1) 3/25/2013 Amex -8004 VStock Transfer, LLC $12,000.00; & (2) 5/7/2013 Amex -8004 VStock Transfer, LLC $10,000.00 = Total $22,000.00.

The 4-30-2012 Agreement for DTC Advisory Services for $12k was with Freebutton Inc., signed by CEO James Lynch. The 3-25-2013 AMEX payment of $12k came from a Sealand Natural Resources.

The 3-15-2013 Agreement for DTC Advisory Services for $9,500.00 was with Sealand Natural Resources signed by COO Greg May. The credit card authorization was signed by a Troy Flowers. The 5-7-2013 AMEX payment came from Freebutton Inc.

Defendant has no idea who "Lori Perfetto" is.

## GENERAL DENIAL

Defendant generally denies each and every allegation of Plaintiff's *Complaint*.

## SPECIFIC DENIALS

Answering paragraphs 1, 2, 3, 4, 6, 7, 8, 48, 53, 54, 63, 64, of the *Complaint*, Defendant admits the allegations contained therein.

Answering paragraphs 9, 10, 49, 50, 51, 59, 60, 61, 67, 71, 72, 73, 74, 75, of the *Complaint*, Defendant denies generally and specifically each and every allegation contained therein. As to paragraph 6 entitled 'Does 1-10' the Federal Rules of Civil Procedure do not provide for Doe defendants.

Answering paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 52, 55, 56, 57, 58, 62, 65, 66, 68, 69, 70, 76, 77, 78, 79, of the *Complaint*, Defendant lacks information or belief sufficient

to answer the allegations, and therefore denies generally and specifically each and every allegation contained therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that many paragraphs in Plaintiff's *Complaint* are so vague, ambiguous, confusing and convoluted that Defendant cannot reasonably be required to frame a responsive pleading to them.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's *Complaint* failed to state facts sufficient to constitute a cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's cause of action for fraudulent conveyance under California Civil Code § 3439.04(a)(1) is barred as against Defendant because the Debtor made the payments to Defendant in good faith and for reasonably equivalent value.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's cause of action for fraudulent conveyance under California Civil Code § 3439.04(a)(2) is barred as against Defendant because the Debtor received reasonably equivalent value in exchange for the payments pursuant to California Civil Code § 3439.04(a)(2).

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's cause of action for fraudulent conveyance under California Civil Code § 3439.04(a)(2) is barred as against Defendant because the value of the consideration received by the Debtor was reasonably equivalent to the value of the payments pursuant to California Civil Code § 3439.04(b)(8).

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's cause of action for fraudulent conveyance under California Civil Code § 3439.05 is barred as against Defendant because the Debtors received

reasonably equivalent value in exchange for the payments pursuant to California Civil Code § 3439.05.

SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's causes of action for recovery of fraudulent transfers of money under 11 U.S.C. § 550(a)(2) is barred as against Defendant because it indeed took the payments in good faith and returned reasonably equivalent value to the Debtors pursuant to 11 U.S.C. § 550(b)(1).

EIGHTH AFFIRMATIVE DEFENSE

To the extent Defendant returns any portion of the transfers, Defendant reserves the right to file a Proof of Claim pursuant to 11 U.S.C. 502(h) that provides: "A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition" and _Busseto Foods, Inc. v. Laizure (In re Laizure)_, 548 F.3d 693, 696 (9th Cir. 2008) (citing _Verco Indus. v. Spartan Plastics (In re Verco Indus.)_, 704 F.2d 1134, 1139 (9th Cir. 1983)).

WHEREFORE, Defendant prays that the Court issue the following judgment:

1. That the Plaintiff takes nothing by his *Complaint*, and that said *Complaint* be dismissed with prejudice;

2. The Court award Defendant costs and reasonable fees in an amount which will be ascertained at trial.

3. The Court sanction Plaintiff for filing and maintaining this frivolous lawsuit in an amount which will be ascertained at trial; and

4. For such other and further relief as the Court may deem just and proper.

DATED:      January 24, 2018          LAW OFFICE OF BARUCH C. COHEN
                                      A Professional Law Corporation
                                      By    /S/ Baruch C. Cohen
                                      Baruch C. Cohen, Esq.
                                      *Attorney For Defendant VStock Transfer, LLC*, a
                                      California Limited Liability Company